UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JESUS ERASMO S.C.,[1]

Petitioner,

v.

WARDEN OF MESA VERDE DETENTION CENTER, et al.,

Respondents.

No. 1:26-cv-02218-TLN-DMC

**ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1.) The Court previously granted Petitioner's Motion for Temporary Restraining Order ("TRO") and ordered his immediate release. (ECF No. 4.) The Court ordered Respondents to show cause why the Court should not grant the habeas petition and enter judgment in favor of Petitioner. (*Id.*) The matter is fully briefed. (ECF No. 7.)

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

demonstrates their custody violates the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioner is a noncitizen who entered the United States without admission on June 19, 2023. (ECF No. 1 at 3.) On October 28, 2025, Petitioner was apprehended and placed in detention by immigration authorities while living in the interior of the country. (*Id.*) Petitioner was detained without notice or a hearing to determine if he poses a flight risk or danger to the community. (*Id.*)

Petitioner claims his civil immigration detention violates the Immigration and Nationality Act ("INA") and Fifth Amendment Due Process Clause.[2] (*Id.* at 12–17.) Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("1225(b)(2)"). (ECF No. 7.)

As to Petitioner's statutory claim, the Ninth Circuit has confirmed Respondents' interpretation of § 1225(b)(2) is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) ("1226(a)"). *Id.* at *3.

Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Petitioner was denied the process owed to those subject to § 1226(a). Respondents therefore violated the INA in Petitioner's detention.

As to Petitioner's constitutional claim, the Court finds Petitioner possesses a protected

---

[2] As the Court finds Petitioner is entitled to habeas relief on his INA and Fifth Amendment claims, the Court declines to address Petitioner's additional claims in favor of judicial economy. (ECF No. 1 at 12–17.)

liberty interest and was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause during his time living freely prior to his current detention. Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693. Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed notice and a hearing before a neutral decisionmaker to determine whether his detention is justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Having received neither, Petitioner's detention violates the Fifth Amendment Due Process Clause.

Accordingly, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus is GRANTED. (ECF No. 1.)

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate flight risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATED: August 14, 2026

Troy L. Nunley
Chief United States District Judge